[No. 2265–3. Division Three. May 23, 1977.]

*In the Matter of the Personal Restraint of* STEVEN NILES WENTWORTH, *Petitioner.*

*John B. Midgley,* for petitioner.

*Michael R. Tabler, Prosecuting Attorney,* for respondent.

McInturff, J.—Steven Niles Wentworth filed a personal restraint petition pursuant to RAP 16.4 *et seq.,* contending that he was unlawfully restrained because he was not properly advised of his right to counsel in a probation revocation hearing. We grant the petition and remand for further proceedings.

In December 1974, the defendant was convicted upon his plea of guilty of two counts of second–degree assault. The court deferred the imposition and execution of the sentence for 18 months and granted probation under certain conditions in February 1975. In late July 1976, the prosecuting attorney filed a motion and affidavit to amend or revoke the order deferring the sentence, alleging five violations. On

July 29, 1976, the matter was heard in the presence of the defendant, who was advised by the court:

I have before me a Violation Report dated 7–21–76. Before I read those violations, I want to inform you that after I read them you have the right to admit them, or deny them, and if you deny them, a full–fledged hearing will be held. You have the right to face your accusers, cross examine them, and take the witness stand in your own behalf. If you don't have the funds, The Court will appoint an attorney to represent you, should you wish a hearing, and should you wish an attorney.

The court then read the alleged violations to the defendant who admitted each of them. There was considerable discussion between the court and the defendant, but the court was uncertain as to the probation officer's recommendation, because the violation report contained no recommendations. During this discussion, the defendant stated: "I thought that my attorney who's working for me would be up here today—Mr. Sperline." The court did not acknowledge this comment. Instead, the judge continued to be concerned with the lack of recommendations by the probation officer. After further conversation, the deputy prosecuting attorney stated: "Mr. Sperline has advised me Mr. Wentworth is without funds to retain an attorney." The court then stated:

THE COURT: He has admitted the violations. No need to appoint an attorney to represent him. That costs the taxpayers a little money, because I'm sure whatever judgment of the Court will be, it's not going to be any greater, or less whether Mr. Sperline is here, or not. He has admitted that. What I'm concerned about is not the punishment for what you've done, but to get you straightened up. You're 28 years old. You've got a long life ahead of you. No need ruining it by a drinking problem—okay?

THE DEFENDANT: Yes Sir.

Then the matter was continued about 2 weeks to obtain the probation officer's recommendation.

When the court reconvened, the judge spoke to the probation officer and the defendant:

THE COURT: You can go right ahead with what you think should be done.

Let's put it this way: I have before me a violation report, dated 7–21–76. I have read the same. And Mr. Steven Niles Wentworth, the defendant, admitted the violations listed and waived the right to an attorney.

So, what we are here for, I take it, is what your recommendation is as to any sentence.

THE DEFENDANT: Yes.

THE COURT: Fine.

Go right ahead.

Thereafter, some discussion centered upon Mr. Wentworth's drinking problem and ultimately concluded with the court stating:

THE COURT: Well, you understand you were given a chance and you were given rules of probation to live up to, and you didn't do it. Isn't that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Anything further?

THE DEFENDANT: No, sir.

The court revoked defendant's probation and sentenced him to serve 10 years on each count concurrently. The court advised the defendant there would be no recommendation of a specific term of confinement. Rather, the defendant was to be confined until his drinking problem was abated and there was reasonable certainty that his future conduct would be only lawful.

■ The defendant contends that he had a right to be represented by counsel; the State contends that he waived that right. That the defendant was not represented by counsel is admitted.

Waiver is not to be presumed, but must be knowing, and with the understanding of the petitioner, . . . Moreover, courts indulge every reasonable presumption against the waiver of fundamental constitutional rights.

(Citations omitted.) *Little v. Rhay*, 8 Wn. App. 725, 728, 509 P.2d 92 (1973). Based upon the record as quoted above, we find the defendant did not make a knowing and voluntary waiver of counsel.

▰ As stated in *State v. Farmer*, 39 Wn.2d 675, 678, 237 P.2d 734 (1951):

There is a distinction, under our statutes, between a suspension of sentence where it has been pronounced but execution thereof suspended, and a situation where the *pronouncement* of sentence is suspended or deferred.

The first situation, the suspension of a sentence that has been pronounced but execution thereof suspended, is covered by *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). The second situation, where the pronouncement of sentence is suspended or deferred, is covered in *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967).

In *Mempa*, the defendants were placed on probation upon certain conditions and imposition of sentences was deferred pursuant to statute.[1] Their probations were subsequently revoked without benefit of counsel. The court held: "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."[2] The court further held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of the accused may be affected; sentencing is a critical part of a criminal case and, therefore, the right to counsel applies at sentencing.

In *Gagnon*, the defendant pleaded guilty and was sentenced to 15 years' imprisonment. Execution of that sentence was suspended and defendant was placed on probation. The probation was revoked without a hearing or

[1]RCW 9.95.200; *see also* RCW 9.95.210 which states in pertinent part: "The court in granting probation, may suspend the imposing or the execution of the sentence . . ."

[2]*Mempa v. Rhay*, 389 U.S. 128, 137, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967). This proceeding is described as a "combined revocation and sentencing hearing" in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). For a discussion of the role of counsel in such proceedings, *see* Comment, *Probation Revocation: A Survey of Constitutional Rights Since Mempa v. Rhay*, 8 Gonz. L. Rev. 110 (1972).

assistance of counsel. The court held that the minimum requirement of due process enunciated in *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1973) (a parole revocation hearing), was applicable upon applying certain criteria, even though probation revocation after imposition of sentence was not a part of criminal prosecution.

Thus, where the trial court defers or suspends the *imposition* of a sentence, *Mempa* is applicable and, therefore, an indigent defendant must be afforded counsel at the probation revocation and/or sentencing hearing. On the other hand, where the *execution* of sentence is suspended or deferred, *Gagnon* applies, and appointment of counsel in such circumstances is not mandatory. Instead, a case–by-case factual analysis, focusing on fundamental fairness, will satisfy the question of counsel.[3]

Here, since the court had deferred the *imposition* of the sentence upon the defendant, it was required to advise him of his right to counsel, to be furnished at public expense if he was indigent, and, if he waived assistance of counsel, the court had to specifically determine the waiver to be knowing and voluntary.

---

[3]*Gagnon v. Scarpelli*, 411 U.S. 778, 790–91, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), states:

Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record, or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop of present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

650

The judgment of the Superior Court is reversed and remanded for a hearing consistent with this opinion.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied June 23, 1977.

Review denied by Supreme Court December 16, 1977.