ANSTEAD, Chief Judge,
specially concurring:
I agree that our decision herein is controlled by our recent decision in Hicks. I write separately to note that in addition to the numerous reasons listed by Judge Dow-ney in Hicks for affording a right to counsel at the outset of probation revocation proceedings, in Florida no sentence is imposed upon a defendant until after his probation is revoked. The grant of probation is not considered a sentence under Florida law. This system of probation contrasts with the system prevalent in some jurisdictions and discussed in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), whereby sentence is imposed but its execution withheld pending service of a period of probation. This distinction between imposing sentence and then suspending its execution pending probation, and granting probation subject to the right to impose sentence if the terms of probation are violated, has been utilized as a basis for recognizing an immediate right to counsel at the outset of the probation violation proceedings. See, e.g., In re Wentworth, 564 P.2d 810 (Wash.Ct.App.1977). I think this is a valid basis for adopting a per se rule since otherwise we would have the anomalous situation of a defendant being absolutely entitled to counsel at a sentencing hearing, which would, of course, immediately follow a probation violation hearing, but being denied the right to counsel at the violation hearing itself. In other words, counsel would only be allowed after the critical decision is made on the merits of the complaint made against a defendant as to his compliance with the order of probation. Such a system, in my view, would be not only inefficient, but would also render ' counsel ineffective in his role at sentencing in the vast majority of cases. In short, when sentencing has been deferred, the probation revocation hearing is indeed a critical stage in the continuing criminal trial proceedings that have as their final act the imposition of sentence upon the defendant and the defendant is entitled to counsel at that critical stage. See Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).