[No. 15862-7-I.   Division One.   November 24, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. ROGER
A. STRODTBECK, *Appellant.*

*C. M. Hassenstab* and *Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *T. Anthony Platter, Deputy,* for respondent.

WILLIAMS, J.—Roger Strodtbeck was charged with first degree statutory rape. His first trial ended in a mistrial when the jury was unable to agree upon a verdict. At his second trial, the jury returned a verdict of guilty. Strodtbeck appeals, contending that the trial court erred in permitting him to represent himself.

A court-appointed attorney represented Strodtbeck through the first trial and was prepared to continue with the retrial when Strodtbeck discharged him. Another attorney, Roy Howson, was appointed but Strodtbeck rejected

him because he did not want "counsel that's beholding to my adversary." He proposed that his brother, not a lawyer, argue his case, but that was not acceptable to the court, of course. Therefore, the court directed Howson to stand by during the trial, telling Strodtbeck that Howson "will only speak to the Court or to the jury as you ask him to. If you don't ask him to, he will not, but you must have him there in order to assure that it cannot be said later by you, as has been done in some cases, that you didn't have counsel."

Thereafter, Strodtbeck conducted his own defense, filing and arguing several pretrial motions and, with the occasional help of Howson, proceeded through the trial. As might be expected, his cross examination of the 6–year–old victim was a disaster, but it cannot be said that a lawyer could do much, if any, better.

There is a clear right to self–representation, *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), and an equally clear right to be represented by counsel. U.S. Const. amend. 6. The applicable law to be followed by the court in this situation is stated in *Bellevue v. Acrey,* 103 Wn.2d 203, 208–09, 691 P.2d 957 (1984), as follows:

> A waiver of counsel must be knowing, voluntary, and intelligent, as with any waiver of constitutional rights. *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). If counsel is properly waived, a criminal defendant has a right to self–representation. Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6; *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975).

> In *Faretta,* the Court articulated the test for valid waiver of counsel:

>> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self–representation, *he should be made aware of the dangers and disadvantages of self–representation,* so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel.*

*McCann,* 317 U.S. [269, 279, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942)].
(Italics ours.) *Faretta,* at 835.

The Court of Appeals dismissed the *Faretta* test as dicta. *Bellevue v. Acrey,* 37 Wn. App. [57, 67, 678 P.2d 1289 (1984)]. That interpretation of *Faretta* cannot stand. The waiver test articulated by the *Faretta* Court was necessary to its ultimate holding that Faretta made a valid waiver of counsel. The Court examined the record and applied the test, finding that the trial judge had adequately warned Faretta of the "dangers and disadvantages" of self–representation. *Faretta,* 422 U.S. at 808 n.2, 835.

A proper waiver of representation is to be accomplished as follows:

In our judgment, the trial court should assume responsibility for assuring that decisions regarding self–representation are made with at least minimal knowledge of what the task entails. The United States Supreme Court recognized this 36 years ago in *Von Moltke v. Gillies,* [332 U.S. 708, 92 L. Ed. 309, 68 S. Ct. 316 (1948)] at 723–24, where the Court stated:

[A] judge must investigate as long and as thoroughly as the circumstances . . . demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility.

In interpreting *Faretta,* we agree that a colloquy on the record is the preferred means of assuring that defendants understand the risks of self–representation. We strongly recommend such a colloquy as the most efficient means of limiting appeals. That colloquy, at a minimum, should consist of informing the defendant of the nature and classification of the charge, the maximum penalty upon conviction and that technical rules exist which will bind defendant in the presentation of his case.

Nonetheless, in cases where no colloquy exists on the record, this court will look at any evidence on the record that shows defendant's actual awareness of the risks of self–representation. However, in no case will mere evidence of a defendant's literacy, educational level, common sense, or prior experience with the criminal justice

system be sufficient to show an awareness of these risks.

A defendant's background is certainly relevant to his ability to make a sensible, intelligent decision regarding self–representation. That background, however, is not relevant to show whether a sensible, literate, and intelligent defendant possesses the necessary information to make a meaningful decision as to waiver of counsel. The fact that a defendant is well educated, can read, or has been on trial previously is not dispositive as to whether he understood the relative advantages and disadvantages of self–representation in a particular situation.

In the absence of a colloquy, the record must somehow otherwise show that the defendant understood the seriousness of the charges and knew the possible maximum penalty. The record should also show that the defendant was aware of the existence of technical rules and that presenting a defense is not just a matter of telling one's story. *See Maynard v. Meachum,* 545 F.2d 273 (1st Cir. 1976). Accordingly, only rarely will adequate information exist on the record, in the absence of a colloquy, to show the required awareness of the risks of self–representation.

*Bellevue v. Acrey,* at 210–11.

There is no colloquy on the record so the question is whether Strodtbeck understood the seriousness of the charge, knew the possible maximum penalty and was "aware of the existence of technical rules and that presenting a defense is not just a matter of telling one's story."

█ Although not given a lecture by the trial court upon the perils and vicissitudes of representing oneself, Strodtbeck was afforded an even better opportunity to learn about trial practice as specifically applied to his case during the first trial. As the principal, he witnessed firsthand a full, totally realistic demonstration and application of what to expect, what the problems of presenting his defense were and precisely how to do it. The trial gave him a sound basis from which to make a judgment as to self–representation, far better than verbal advice from the bench, no matter how well conceived and delivered.

Affirmed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.

Review denied by Supreme Court March 4, 1987.