[No. 9165–8–II. Division Two. October 28, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ARNOLD D. CONLIN, *Appellant.*

*Robert A. Izzo,* for appellant (appointed counsel for appeal).

---

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor* and *Barbara L. Corey–Boulet, Deputies,* for respondent.

REED, C.J.—Arnold Conlin appeals a revocation of his probation and suspended sentence. We affirm.

In March 1984, Conlin pleaded guilty to taking a motor vehicle without the owner's permission and received a deferred sentence. In May 1985, the court revoked Conlin's deferred sentence because of probation violations and imposed a suspended sentence with probation conditions. The order provided that Conlin could be released to a Pioneer North Alcohol Treatment Center representative, and he was to complete an inpatient treatment program. Pioneer had no room for Conlin, so he was placed in Cedar Hill Extended Care Unit, pursuant to an order Conlin's attorney prepared.

Conlin entered the program July 3 and left July 8 without completing treatment. At a hearing to revoke his probation and suspended sentence, he indicated that he chose to represent himself. The hearing was continued because Conlin's probation officer was not present. At a later hearing, Conlin again indicated that he did not want an attorney and explained the reasons for his departure from the program. The court found that Conlin had violated the condition, and revoked his suspended sentence. On appeal, Conlin contends that he did not effectively waive his right to counsel at the revocation proceeding.

Initially, we note that Conlin did not have a constitutional right to counsel. The United States Supreme Court has held that the right to counsel for such a hearing depends on a case–by–case analysis, because the mitigating evidence that justifies a violation, or demonstrates that revocation is inappropriate, "is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel." *Gagnon v. Scarpelli,* 411 U.S. 778, 787, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). Fundamental fairness may require counsel where a probationer

requests counsel and claims that the violation did not occur, or was justified or mitigated by reasons that are substantial, complex or difficult to develop. *Gagnon,* 411 U.S. at 798.

Such factors are not present here. Conlin did not request, but affirmatively refused, counsel. The reasons that arguably justified and mitigated his violation were simple facts that would not benefit from counsel's efforts, *e.g.,* he was placed in an alternative treatment program, and he had a job offer. Clearly, this is the sort of scenario for which *Gagnon* indicated there was no right to counsel.

■ However, Conlin clearly did have a procedural right to counsel, under CrR 7.5(b), which provides:

> The court shall not revoke probation except after a hearing in which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant is entitled to be represented by counsel and may be released pursuant to CrR 3.2 pending such hearing. Counsel shall be appointed for a defendant financially unable to obtain counsel.

Procedural and constitutional rights are treated differently. *See, e.g.,* the discussion of the speedy trial right in *State v. Smith,* 104 Wn.2d 497, 508, 707 P.2d 1306 (1985). Accordingly, we need not apply the constitutional standard that requires a knowing, voluntary, and intelligent waiver of the right to counsel, *Bellevue v. Acrey,* 103 Wn.2d 203, 208–09, 691 P.2d 957 (1984). Instead, a knowing and voluntary waiver of this procedural right is sufficient.[1]

The record clearly reveals that Conlin knew of his right to counsel and chose to waive it. However, there was some question as to whether he knew the possible consequences of the proceeding: imposition of his 5–year sentence. The knowledge required to waive counsel may be gained from

---

[1]The "knowing and voluntary" standard has been applied for waiver of constitutional rights that do not require utmost zealousness and protection. *See State v. Robtoy,* 98 Wn.2d 30, 37 n.1, 653 P.2d 284 (1982). It has also been applied to waiver of counsel in a combined probation revocation and sentencing hearing. *In re Wentworth,* 17 Wn. App. 644, 649, 564 P.2d 810, *review denied,* 89 Wn.2d 1012 (1977).

participation in an earlier trial on the same matter, *State v. Strodtbeck,* 46 Wn. App. 26, 728 P.2d 622 (1986), *review denied,* 107 Wn.2d 1033 (1987), or evidenced by experience with the criminal justice system, *State v. Sinclair,* 46 Wn. App. 433, 438, 730 P.2d 742 (1986), *review denied,* 108 Wn.2d 1006 (1987). Conlin has attended numerous prior proceedings involving the same sentence: it was imposed, deferred and then suspended after his earlier probation violations. Thus, he cannot now claim he did not know the possible outcome.

Such claims may be avoided in the future by a brief colloquy on the record advising a defendant of his or her rights, the risks of self–representation, and the possible penalty involved. *Acrey,* 103 Wn.2d at 211. This colloquy need not match the thoroughness required for waiver of a constitutional right, *see Renton v. Willard,* 44 Wn. App. 525, 528, 723 P.2d 10 (1986). Although we recommend such a procedure, the court did not err by omitting it here, since its purposes otherwise were met. Accordingly, we affirm.

WORSWICK and ALEXANDER, JJ., concur.

Review denied by Supreme Court March 1, 1988.