[No. 34803-9-II.   Division Two.   April 10, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. JESS JAMES
VARNELL, *Appellant*.

*Kathryn A. Russell Selk* (of *Russell Selk Law Office*), for appellant.

*Gerald A. Horne, Prosecuting Attorney,* and *Kathleen Proctor* and *Rosemarie Wilhelm, Deputies,* for respondent.

¶1 VAN DEREN, J. — Jess James Varnell appeals the trial court's decision granting his request to terminate his drug court participation.[1] He now contends that (1) the trial court terminated his drug court participation without due

---

[1] "Counties may establish and operate drug courts." Former RCW 2.28.170(1) (2002).

process of law and (2) his counsel acted outside the scope of his authority when he told the trial court that Varnell wished to waive any rights he might have to a termination hearing. We hold that Varnell's unilateral termination of his drug court participation was fully in accord with the drug court agreement and does not implicate due process concerns. Finding no error, we affirm.

## FACTS

¶2 The State charged Varnell with unlawful possession of a controlled substance (methamphetamine) and third degree driving while in suspended or revoked status. On March 18, 2004, the Pierce County Superior Court entered an order of participation granting Varnell's petition to participate in drug court. In his drug court petition, waiver, and agreement (agreement), Varnell waived certain constitutional rights[2] and agreed to the following terms:

> 2. I hereby agree that should the Court or I terminate the Drug Court Program after 14 days from today either by the Court or me, I will proceed to a bench trial based solely upon the facts in the police report and laboratory reports, which I hereby stipulate to. . . . I understand that the State, at any time, and for good cause, may request my termination from the Drug Court Program for non-compliance. The termination decision will be made by the Court.
>
> . . . .
>
> 11. The Court agrees that upon successful completion of the treatment program, the Court will dismiss the charge with prejudice and the Prosecuting Attorney may not prosecute it in the future.

Clerk's Papers (CP) at 12-13. Varnell does not challenge his knowing, voluntary, and intelligent waiver of his rights in

---

[2] The constitutional rights Varnell waived included: the right to a speedy trial, the right to a public trial in a county where the crime allegedly occurred, the right to call witnesses and to cross-examine the State's witnesses, the right to testify, and the right to contest the stop or search or the voluntariness of any statement he may have given in this case.

the agreement, nor does he allege that his execution of the agreement violated his due process rights.

¶3 On January 13 and August 8, 2005, bench warrants were issued when Varnell failed to appear for drug court reviews.[3] When Varnell appeared with his counsel on April 12, 2006, the State requested that the trial court set a termination hearing because Varnell "failed to appear in August and has been missing ever since."[4] Report of Proceedings (RP) at 2. The State also informed the trial court that Varnell was in custody on a new charge—possession of a dangerous weapon, a "butterfly" knife.

¶4 Varnell, not his counsel, stated, "I have been in Drug Court for quite some time. I wanted to—I want out of the program." RP at 3. The following dialogue ensued:

> The Court: Okay. We'll have the termination hearing date and papers on the 9th.
>
> [Prosecutor]: The State apologizes. The State heard Mr. Varnell say that he wants out. We have the paperwork ready.
>
> [Defense Counsel]: What is his range?
>
> *[Varnell]: 18 months.*
>
> [Defense Counsel]: He would like to do it today, Your Honor. He would stipulate and otherwise waive any rights that he might have to a termination hearing in order to accomplish that. He's looking at 18 months.
>
> [Prosecutor]: The only question we're going to argue is how many days credit he has.

RP at 4 (emphasis added).

---

[3] Citing to documents not included in the Clerk's Papers, the State notes in its appellate brief that Varnell was arrested on both warrants and that he was scheduled for a termination hearing on August 4, 2005. Varnell does not contest this.

[4] On the same day, the State filed a motion and order for drug court termination asking "for an order terminating the defendant from the Pierce County Drug Court Program because the defendant has failed to comply with the conditions of Drug Court participation." CP at 54.

¶5 The trial court determined that Varnell should receive credit for 245 days served.[5] After the trial court asked Varnell if he had anything to say before it imposed sentence, he stated, "[y]ou guys saved my life. I want to go home to my family in Los Angeles." RP at 6. The trial court imposed 18 months' incarceration, the high end of his standard range, and 9 to 12 months' community custody.

¶6 He now appeals termination of his drug court participation.

## ANALYSIS

I. Defendant's Right To Terminate Drug Court Participation

¶7 Varnell contends that the trial court violated his due process rights by terminating his drug court participation without sufficient proof that he had "knowingly, voluntarily and intelligently chosen to waive [a termination hearing]." Br. of Appellant at 9. Relying heavily on *State v. Cassill-Skilton*, 122 Wn. App. 652, 94 P.3d 407 (2004), he asserts that the termination order was entered "without the prosecution presenting proof by a preponderance of the evidence that [he] had in fact failed to comply" with the agreement. Br. of Appellant at 7.

¶8 Drug court participants have "a due process right to have factual disputes resolved by a neutral factfinder," *State v. Kessler*, 75 Wn. App. 634, 637, 879 P.2d 333 (1994), "when a prosecutor terminates [the] participation." *Kessler*, 75 Wn. App. at 636. When the State moves to terminate drug court participation, "the burden is on the State to prove noncompliance with the agreement by a preponderance of the evidence." *State v. Marino*, 100 Wn.2d 719, 725, 674 P.2d 171 (1984).

¶9 Varnell relies on language in *Cassill-Skilton* that "RCW 10.05.090 requires a court to conduct a hearing, after notice, to determine whether to terminate a participant

---

[5] Varnell does not challenge that calculation on appeal, nor does he assert that the trial court failed to conduct a bench trial based solely on the record in accord with paragraph 2 of the agreement.

from the program when it receives notice of a breach of a deferred prosecution." 122 Wn. App. at 658. He argues that the trial court violated his due process rights by not conducting a termination hearing based on his own request to terminate his drug court participation.

¶10 Our reference to *Cassill-Skilton*'s due process rights has apparently created a lack of clarity about a defendant's ability to assert his contractual right to terminate drug court participation. In *Cassill-Skilton*, we applied chapter 10.05 RCW, which addresses deferred prosecution to drug court programs by analogy. 122 Wn. App. at 658. We held that the State could not terminate drug court participation without (1) giving the defendant an opportunity to contest the basis of the termination and (2) creating a record of the evidence relied on to terminate participation. *Cassill-Skilton*, 122 Wn. App. at 658.

¶11 "The State carries a heavy burden of demonstrating a voluntary, knowing, and intelligent waiver of any constitutional right." *In re Pers. Restraint of James*, 96 Wn.2d 847, 851, 640 P.2d 18 (1982). A defendant's stipulation in exchange for a deferred prosecution is "a knowing and intelligent waiver of all subsequent factual, legal, or procedural issues the [defendant] might raise." *State v. Shattuck*, 55 Wn. App. 131, 133, 776 P.2d 1001 (1989).

¶12 In *State v. Conlin*, we distinguished procedural and constitutional rights and held that a "knowing and voluntary waiver" was sufficient for procedural rights. 49 Wn. App. 593, 595, 744 P.2d 1094 (1987). There, we also noted, "[t]he 'knowing and voluntary' standard has been applied for waiver of constitutional rights that do not require utmost zealousness and protection. It has also been applied to waiver of counsel in a combined probation revocation and sentencing hearing." *Conlin*, 49 Wn. App. at 595 n.1 (citation omitted).

¶13 Varnell asserts that he had a due process right to a termination hearing when he requested termination of his drug court agreement. On April 12, 2006, based on the State's motion, the trial court set a date for a termination

hearing. Varnell had been in the drug court program for two years. When the trial court announced the date of the termination hearing, Varnell responded that he "want[ed] out of the program." RP at 3. His counsel added that "[h]e would like to do it today" and that "[h]e would stipulate and otherwise waive any rights that he might have to a termination hearing in order to accomplish that." RP at 4. Varnell does not allege that he did not knowingly, voluntarily, and intelligently agree to the provision in paragraph 2 of the agreement in March 2004.

¶14 The agreement expressly granted Varnell a unilateral right to terminate his participation in "the drug court program." CP at 12. The agreed procedure was for the trial court to then proceed to a "bench trial based solely upon the facts in the police report and laboratory reports" to which he stipulated.[6] CP at 12. Based on the agreement, Varnell preempted the State's planned termination process. When Varnell's counsel asked what his sentencing range was, Varnell answered on the record that his range was "18 months." RP at 4. The trial court then asked whether he had anything to say "before [it] impose[d] sentence," and he thanked the trial court for saving his life. RP at 6. Thus, unlike *Cassill-Skilton*, the State was relieved of its burden to prove Varnell's noncompliance with the agreement.

¶15 We hold that Varnell's right to terminate his drug court participation was clear under the agreement and that his reliance on that right did not implicate due process concerns. Accordingly, his due process argument fails.

II. DEFENSE COUNSEL'S WAIVER

¶16 Varnell also contends that his counsel's waiver of a termination hearing exceeded his counsel's scope of authority. He asserts that "there was no evidence here that counsel had [his] authority to stipulate away [his] important due process rights to a hearing." Br. of Appellant at 10.

---

[6] Because the matter is not before us, we do not reach the issue of whether a termination hearing is required if a defendant who wishes to terminate drug court participation demands a termination hearing.

¶17 An attorney can waive his client's substantial rights only with specific authorization. *State v. Ford*, 125 Wn.2d 919, 922, 891 P.2d 712 (1995). But "[a]n attorney is impliedly authorized to stipulate to and to waive procedural matters. . . . A CrR 3.5 hearing is such a procedural matter." *State v. Fanger*, 34 Wn. App. 635, 637, 663 P.2d 120 (1983) (citations omitted); *see also State v. Finch*, 137 Wn.2d 792, 806, 975 P.2d 967(1999) ("a defendant's right to trial within 60 days is a procedural right which can be waived by defense counsel over defendant's objection").

¶18 Relying on *Cassill-Skilton*, Varnell argues that his right to a termination hearing was a due process right and, therefore, a substantial right.[7] In *Cassill-Skilton*, we held that the defendant did not receive due process because "there is no record to show the basis of termination, any opportunity for a hearing on the alleged violations, nor any findings to show what evidence the court relied on in finding an agreement violation." 122 Wn. App. at 658. We did not state that a defendant has a due process right to a termination hearing even when the defendant preempts the State's termination process by exercising his unilateral contractual right to terminate his continued participation in drug court. In other words, a defendant's termination request can be a sufficient basis for a trial court's termination decision.

¶19 Here, unlike *Cassill-Skilton*, the trial court terminated Varnell's drug court participation based on his right to unilaterally terminate it according to the agreement. Thus, the trial court had sufficient basis to terminate Varnell's drug court participation. Because his counsel had implied authority to waive procedural matters on his behalf, Varnell fails to prove a due process right violation and his counsel's waiver, which was consistent with Varnell's statements to the court, was valid. Nothing in the record

---

[7] Varnell raised this argument during oral argument on appeal.

indicates that counsel acted outside the scope of his authority. Varnell's argument fails.

¶20 We affirm.

HOUGHTON, C.J., and QUINN-BRINTNALL, J., concur.