PIANKHY, Zuia, Appellant,

v.

CUYLER, Julius T. and Attorney General of the State of Pennsylvania and District Attorney for Berks County, Appellees.

No. 82–1504.

United States Court of Appeals,
Third Circuit.

Argued Feb. 18, 1983.

Decided March 29, 1983.

Sheri Desaretz (argued), Desaretz & Cassidy, Philadelphia, Pa., for appellant.

Charles Guthrie (argued), Paula M. Szortyka, Asst. Dist. Atty., of Berks County, Reading, Pa., for appellees.

Before GIBBONS, HUNTER and ROSENN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Zuia Piankhy appeals from the denial of his petition for a writ of federal habeas corpus by the United States District Court for the Eastern District of Pennsylvania. Piankhy sought relief from a state criminal conviction claiming, *inter alia,* that his sixth and fourteenth amendment rights to assistance of counsel had been unconstitutionally infringed. Because we find that Piankhy did not knowingly and intelligently waive his right to counsel, we will reverse the district court's order denying the petition, and we will grant the writ.

I

On March 4, 1978, Piankhy was arrested by the Reading, Pennsylvania police and formally charged with assault and with reckless endangerment of another person. The charges arose out of a shooting incident between Piankhy and Stephen H. Randolph. Piankhy apparently shot Randolph after Randolph struck him during an argument. After being arraigned, Piankhy was incar-

cerated at the Berks County Prison until he was released on bail several days later.

Piankhy claims that following his release he attempted to obtain a private lawyer but was unable to raise sufficient funds to ensure the appearance of an attorney at trial. He also applied for assistance from the Berks County Public Defender but that office refused to represent him because he did not meet the necessary indigency requirements. App. at 3(a).

Three days prior to trial, the Berks County Court of Common Pleas held a colloquy to determine whether Piankhy wanted to proceed to trial without counsel. App. at 4(a). The trial judge described to Piankhy the charges against him, informed him that he would be required to follow the Rules of Procedure, and recommended that he not proceed without an attorney. At no time, however, did the judge actually state to Piankhy that he had a right to a lawyer nor did the judge indicate the range of punishment that could result from a verdict of guilty. After listening to the judge, Piankhy stated that he wanted to defend himself. App. at 4(f). He then signed a waiver of counsel form which stated that he had been informed of his right to be assigned counsel but had elected to waive that right. App. at 5(a).

At trial Piankhy appeared *pro se* and was convicted on both counts. His post-trial motions for a new trial or an arrest of judgment were denied, and, on June 26, 1979, he was sentenced to two consecutive sentences of one to two years each. He appealed his conviction and sentence to the Pennsylvania Superior Court claiming, *inter alia,* that he had not knowingly and intelligently waived his right to counsel. In an unpublished opinion the Superior Court affirmed his conviction with one judge dissenting. *Commonwealth v. Piankhy,* 287 Pa.Super. 585, 428 A.2d 249 (1980).[1] Allow-

---

1. Judge Hoffman filed the following Memorandum Dissenting Statement:

 I dissent. The lower court failed to apprise appellant of the possible sentences for the crimes of which he was accused and of the

possible defenses available to him. Accordingly, appellant did not knowingly waive his right to counsel. *See Commonwealth v. Hauser,* 265 Pa.Superior Ct. 135, 401 A.2d 837 (1979). Because the court failed to con-

ance of Appeal was denied by the Pennsylvania Supreme Court on October 28, 1980.

On August 1, 1981, Piankhy filed a petition for a writ of habeas corpus in federal district court claiming that he had been forced to go to trial without counsel and that his conviction was not supported by sufficient evidence. The district court referred Piankhy's petition to a magistrate, who issued a report recommending that the petition be denied. The magistrate found "that the petitioner was apprised of his right to counsel and that he voluntarily and intelligently waived this right and received a full, fair and complete trial, sentence and appeal." App. at 8(b). The magistrate also found that there was sufficient evidence to support the conviction. *Id.* On March 8, 1981, the district court accepted the magistrate's recommendation and denied the writ. On August 24, 1982, we issued a certificate of probable cause for appeal pursuant to Fed.R.App.P. 22(b).

## II

 The Supreme Court has recognized that a criminal defendant has the constitutional right to defend himself at trial. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The Court, however, has been scrupulous in requiring that a defendant's waiver of his sixth amendment right to assistance of counsel[2] be voluntary and be a "knowing and intelligent relinquishment or abandonment of a known right or privilege." *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977); *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *see United States v. Welty,* 674 F.2d 185 (3d

Cir.1981). *See generally United States v. Bailey,* 675 F.2d 1292, 1297–1300 (D.C.Cir. 1982); *United States v. McFadden,* 630 F.2d 963 (3d Cir.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981). It is the trial court's responsibility to determine that a defendant's decision to waive his right to counsel is intentional and made "with an awareness of the dangers and disadvantages inherent in defending oneself." *Welty,* 674 F.2d at 188; *see Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541; *United States v. Harlan,* 696 F.2d 5, 7 (1st Cir. 1982). Whether a defendant has knowingly and intelligently relinquished his rights "depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Edwards v. Arizona,* 451 U.S. at 482, 101 S.Ct. at 1883 (quoting *Johnson v. Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023). Courts should indulge in every reasonable presumption against waiver. *Brewer v. Williams,* 430 U.S. at 404, 97 S.Ct. at 1242; *Welty,* 674 F.2d at 192.

 In order to ensure that a defendant truly appreciates the dangers and disadvantages of self-representation, we have stated that a trial court "should advise [a defendant] in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful." *United States v. Welty,* 674 F.2d 185, 188 (3d Cir.1981).

To be valid [a defendant's] waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all oth-

duct a thorough colloquy, the fact that the appellant had completed two years of college is irrelevant to his waiver of counsel. App. at 7(a).

**2.** A defendant's sixth amendment right to assistance of counsel is made applicable to the states by the fourteenth amendment. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

er facts essential to a broad understanding of the whole matter.

*Id.* at 188–89 (quoting *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948) (Black, J., plurality opinion)). A defendant's statement that he understands his right to counsel and desires to waive that right "does not automatically end the judge's responsibility. . . . A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances." *Id.* at 189 (quoting *Von Moltke,* 332 U.S. at 724, 68 S.Ct. at 323). After making a "searching inquiry" a trial court should indicate on the record its determination of whether a proper waiver has occurred. *Id.* at 189; *Johnson v. Zerbst,* 304 U.S. at 465, 58 S.Ct. at 1023.[3]

### III

█ In the instant case the trial court did explain to Piankhy the nature of the charges against him and did specifically recommend that he obtain an attorney to assist in his defense. The trial court failed, however, to inform Piankhy of his *right* to a court-appointed attorney if he could not afford one. That omission is significant in light of Piankhy's attempt to seek representation by the Berks County Public Defender. It is possible that Piankhy considered the Public Defender his only source of public representation. Having been previously turned down by that office, Piankhy may not have understood that he had a right, under Pennsylvania law, to court-appointed counsel if he was otherwise unable to obtain

an attorney. There is no determination on the record that Piankhy fully understood that he might have had a right to counsel without regard to his inability to pay. It is therefore difficult for us to discern whether Piankhy intelligently waived his right to a court-appointed attorney.[4]

The court also failed to inform Piankhy of "the range of allowable punishments," and of the "possible defenses to the charges and circumstances in mitigation thereof." *Welty,* 674 F.2d at 188–89 (quoting *Von Moltke,* 332 U.S. at 724, 68 S.Ct. at 323). Only by bringing home to the defendant the perils of dispensing with legal representation can a judge be certain that a waiver of counsel is knowingly and intelligently made. *Welty,* 674 F.2d at 189. "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541 (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)).

The state argues that Piankhy's two years of college and his prior conviction for carrying a firearm without a license support a finding that Piankhy voluntarily chose to defend himself. We cannot presume, however, that Piankhy's previous education and litigation experience suffice to establish "that he realized and had knowledge of all the implications and possible pitfalls of self-representation." *Welty,* 674

---

**3.** *Welty* involved a direct appeal from a conviction in federal district court. The same standard for determining whether a defendant waived his right to counsel applies in federal court habeas corpus review of state court proceedings. *Brewer v. Williams,* 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1241–42, 51 L.Ed.2d 424 (1977).

**4.** Piankhy did sign a waiver form which stated that he had been advised of his right to counsel "if [he was] without financial resources or oth-

erwise unable to secure counsel." App. at 5(a). Piankhy's signing the form, however, is not dispositive. As the court said in *Von Moltke,* "a mere routine inquiry—the asking of several questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel." 332 U.S. at 724, 68 S.Ct. at 323.

F.2d at 191. Other courts have refused to so hold. *See, e.g., Harlan,* 696 F.2d at 7–8; *United States v. Harrison,* 451 F.2d 1013 (2d Cir.1971) (per curiam).

Viewing all the circumstances of this case, we hold that the trial court did not sufficiently inform Piankhy of his right to counsel and thus failed properly to determine that Piankhy's waiver of his right was knowing and intelligent. The court failed specifically to inform Piankhy of his right to a court-appointed attorney and failed adequately to discuss the dangers and possible consequences of self-representation. The record thus does not show Piankhy truly understood the consequences of electing to represent himself. Keeping in mind that we must indulge in every reasonable presumption against waiver, *Brewer,* 430 U.S. at 404, 97 S.Ct. at 1242, we conclude that Piankhy did not effectively waive his sixth and fourteenth amendment rights to counsel in this case.[5]

We will reverse the district court's order of March 8, 1982, and we will remand the cause with instructions to enter an order granting the writ of habeas corpus unless a new trial is held within a reasonable time.

---

**5.** In reaching our conclusion we do not suggest that a set colloquy by a trial court is required in every case to establish an effective waiver of a defendant's sixth and fourteenth amendment rights. *See Harlan,* 696 F.2d at 7; *Bailey,* 675 F.2d at 1299; *Welty,* 674 F.2d at 189.