**UNITED STATES of America, Plaintiff-Appellee,**

v.

**McArthur EDWARDS, Defendant-Appellant.**

No. 82–8704
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 3, 1983.

Jay Strongwater (court-appointed), Atlanta, Ga., for defendant-appellant.

Gerrilyn G. Brill, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant McArthur Edwards was convicted on fourteen counts of executing a scheme and artiface to defraud and to obtain money by false representations and use of the United States mail in violation of 18 U.S.C. § 1341. Edwards and coindictee Rogers Lowe were employed by Fulton County, Georgia, from July, 1980, through February, 1981. Travelers Insurance Company was then the carrier of Fulton Coun-

ty's group medical insurance plan. During the seven months in question, Edwards and Lowe submitted a number of fictitious insurance claim forms in the name of Fulton County, which Travelers honored.

Edwards and Lowe were indicted, and a public defender, Mary Donovan, was appointed to represent Edwards; Lowe pleaded guilty to three counts, and the remaining charges against him were dismissed. Due to various disagreements between Edwards and Donovan over trial strategy, Edwards filed a *pro se* motion requesting that Donovan withdraw from his case and seeking permission to conduct his own defense. Donovan also filed a motion requesting permission for Edwards to represent himself. The motions were granted, and, although the court requested Donovan to act as standby counsel at trial, Edwards was allowed to conduct his own defense. During Lowe's testimony as a prosecution witness his guilty plea was divulged. A jury convicted Edwards on all fourteen counts, and the court sentenced him to a prison term of twenty-one years.

Appellant raises four issues on appeal: whether the district court (1) erred in allowing him to represent himself at trial; (2) erred in admitting evidence of coindictee Lowe's guilty plea; (3) failed to dispose of all pretrial motions; and (4) relied upon misinformation or otherwise abused its discretion in setting appellant's sentence. Concluding that each of these contentions is without merit, we affirm.

■ In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a criminal defendant has a constitutional right to conduct his own defense when he "knowingly and intelligently" chooses to do so. *Id.* at 835, 95 S.Ct. at 2541. Because assertion of the *right of self-representation constitutes a* waiver of the right to counsel, as well as a relinquishment of the important benefits associated with that right, the trial judge must conduct a hearing to ensure that the accused understands the dangers and disadvantages of proceeding *pro se. Hance v. Zant,* 696 F.2d 940, 949 (11th Cir.1983). The

trial judge must determine that the defendant "knows what he is doing and [that] his choice is made with open eyes." *Faretta, supra,* 422 U.S. at 835, 95 S.Ct. at 2541, *quoting Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942).

■ The record in this case shows that the trial judge questioned Edwards extensively on his decision to proceed *pro se.* The court inquired into Edwards' educational background, which included three years of college. In response to the court's query into his prior courtroom experience, Edwards replied that he had done some reading of the law during his prior prison term and that he had a "pretty fair knowledge of the law, how it works." The court emphasized that Edwards would be subject to the same rules and regulations as experienced trial lawyers, including the often technical Federal Rules of Evidence and Federal Rules of Criminal Procedure. The judge also cautioned Edwards that the court could not help him in his defense in any way. Despite the court's detailed lecture on the pitfalls of self-representation, Edwards insisted on going forward *pro se,* but agreed to have Donovan act as standby counsel. Following a discussion of pretrial motions, the court again requested Edwards to reconsider his decision, but he declined and announced he was ready to proceed. The trial judge once again raised the issue of Edwards' self-representation after *voir dire,* this time inquiring whether he understood that the maximum penalty could be imposed for all fourteen counts of the indictment. Edwards responded that he had read and understood the indictment, and reaffirmed his desire to proceed *pro se.* Relying on Edwards' responses to the court's numerous inquiries, the trial judge concluded, and we agree, that Edwards made a knowing and intelligent decision to relinquish his right to counsel.

Appellant next asserts that the trial court erroneously admitted evidence of coindictee Lowe's guilty plea. Prior to Lowe's testimony, the Government notified the court and Edwards of its intent to introduce

Lowe's guilty plea in anticipation of Edwards' possible cross-examination. After reviewing the governing legal authorities, the court ruled that the prosecution may introduce evidence of a coindictee's guilty plea on direct examination to enhance the witness' credibility if a proper cautionary instruction is given to the jury. Following an objection by Edwards and his assertion that he did not intend to go into Lowe's guilty plea on cross-examination, the Government indicated that it would not introduce the plea on direct, but would reserve the right to do so on redirect.

On direct examination, Lowe testified that initially he had denied involvement in the mail fraud scheme, but thereafter had acknowledged his complicity. On cross-examination, Edwards questioned Lowe about his statements to the United States Parole Commission several months after his involvement in the scheme to the effect that Edwards did not participate in the mail fraud. Lowe replied that he had lied to the Parole Commission and had later decided to tell the truth. Edwards then asked Lowe whether he had changed his story because he was "just trying to cover [his] own rear end," which Lowe denied. To the question, "[W]ho are you protecting in this scheme?", Lowe replied that he was not protecting anyone.

On redirect, the Government inquired whether Lowe had any reason to try to protect himself, to which Lowe responded, "No, I don't. Just speaking the truth about it." Lowe then testified that he was previously a defendant in the case, that he had entered a plea of guilty on three counts, that he was presently serving a sentence on his conviction, and that he considered his case over and done with. The trial judge immediately issued a cautionary instruction to the jury not to consider Lowe's guilty plea as evidence of Edwards' guilt or innocence. The judge reiterated this limiting instruction in the final charge to the jury.

■ It is established that one person's guilty plea or conviction may not be used as substantive evidence of the guilt of another. *See e.g., United States v. King,* 505 F.2d 602, 607 (5th Cir.1974); *United States v. Baete,* 414 F.2d 782, 783 (5th Cir.1969).[1] However, evidence of a coindictee's guilty plea or conviction may be introduced in appropriate circumstances. The governing standard was enunciated in *United States v. King, supra:*

> [W]e must carefully examine all the facts and circumstances of the case in their proper context. The presence or absence of an instruction is an important factor, but it is also essential to consider other factors, such as whether there was a proper purpose in introducing the fact of the guilty plea, whether the plea was improperly emphasized or used as substantive evidence of guilt, whether the introduction of the plea was invited by defense counsel, whether an objection was entered or an instruction requested, whether the defendant's failure to object to the testimony could have been the result of tactical considerations, and whether, in light of all the evidence, the failure to give an instruction was harmless beyond a reasonable doubt.

505 F.2d at 608 (footnotes omitted).

■ Here the trial court correctly ruled that the Government could introduce Lowe's guilty plea to rehabilitate the credibility of its witness. On cross-examination Edwards implied that Lowe had something to gain by testifying for the Government. By doing so, Edwards established the relevancy of Lowe's guilty plea. The district court did not err in allowing the Government to rebut the inference of Lowe's bias by informing the jury that Lowe had already been convicted and sentenced before trial. The trial judge twice issued cautionary instructions limiting the jury's permissible use of the evidence of the guilty plea. The guilty plea was not emphasized by the Government during redirect, nor in closing

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

argument. Thus, four of the *King* factors are present: the guilty plea was introduced for a purpose other than as substantive evidence of the defendant's guilt, introduction of the plea was invited by defense counsel, the plea was not emphasized by the Government beyond that which was necessary for its limited purpose, and cautionary instructions were issued. The factors in *King* involving failure to object are inapplicable to this case, but the evidence otherwise satisfies the *King* standards.

Appellant's third contention merits little discussion. The record does not support Edwards' assertion that his pretrial motions, specifically for a psychiatric examination and a handwriting expert, were never ruled on by the district court. Donovan, the public defender, filed an affidavit stating that a psychiatric examination of Edwards had been conducted in early August, 1982, two months before trial. The psychiatrist concluded that Edwards was not legally insane at the time of the offense and that he was competent and able to assist counsel in the defense of his case. Edwards' motion for an independent handwriting expert also was considered by the court; the record indicates that the court either denied the motion, or that it was withdrawn.

Edwards' final claim, that the trial judge relied upon improper information or otherwise abused his discretion in imposing sentence, is unsupported by the record. Although the trial judge did express concern over a prior, unrelated criminal incident that resulted in a dismissal of charges against Edwards, the judge specifically stated that he would not consider the incident in setting Edwards' sentence. The record fails to demonstrate any abuse of discretion in the trial court's imposition of sentence.

AFFIRMED.