No. 86–7164. McDOWELL *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In *Faretta* v. *California*, 422 U. S. 806 (1975), we held that an accused has a right to conduct his own defense. We also stated that, because an accused's election to do so "relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel," a defendant who chooses to proceed *pro se* may be allowed to do so only if he " 'knowingly and intelligently' [chooses to] forgo those relinquished benefits." *Id.*, at 835. We stated that an accused wishing to be tried without counsel "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Ibid.*

Since *Faretta*, lower federal and state courts have sought to arrive at the proper balance between allowing an accused to exercise his right of self-representation, and at the same time, insuring that a waiver of a defendant's right to counsel is only made when "knowing and intelligent" and "with eyes open." In this case, for example, after petitioner indicated to the District Court his desire to present his own defense, the trial judge conducted a short colloquy with petitioner before allowing him to proceed *pro se.* On appeal, the Court of Appeals rejected petitioner's claim that this brief exchange with the trial judge was insufficient to establish that he had "knowingly and intelligently" waived his Sixth Amendment right to counsel. The Sixth Circuit concluded that "a fair reading of the record as a whole" established that petitioner elected to represent himself with "eyes open"; therefore it affirmed petitioner's conviction. 814 F. 2d 245, 249 (1987). The Court of Appeals, however, in the exercise of its supervisory powers, required district judges in the future to conduct a more detailed inquiry of a defendant—based on the model offered at 1 Bench Book for United States District Judges §§ 1.02–2—1.02–5 (3d ed. 1986)—before allowing an accused to waive his right to counsel, as this petitioner had. 814 F. 2d, at 250–251.

In reaching this decision, the Sixth Circuit followed the approach taken by the District of Columbia Circuit in *United States* v. *Bailey*, 219 U. S. App. D. C. 67, 75–76, 675 F. 2d 1292, 1300–

1301, cert. denied, 459 U. S. 853 (1982). It also rejected the position of the Third Circuit, which had reversed a conviction on facts similar to these, by interpreting *Faretta* to require a "searching inquiry" with an accused before allowing him to conduct his own defense. *United States* v. *Welty*, 674 F. 2d 185, 188–189 (1982); accord, *Piankhy* v. *Cuyler*, 703 F. 2d 728, 730–731 (CA3 1983). Two other Courts of Appeals have likewise read our decision in *Faretta* as requiring that a trial judge conduct a special "hearing to ensure that the accused understands the dangers and disadvantages of proceeding *pro se.*" *United States* v. *Edwards*, 716 F. 2d 822, 824 (CA11 1983); accord, *United States* v. *Chaney*, 662 F. 2d 1148, 1152 (CA5 1981).

By contrast, four Courts of Appeals have taken the position that no specific inquiries or special hearings must be conducted before an accused's exercise of his *Faretta* rights will be considered "knowing and intelligent." *United States* v. *Hafen*, 726 F. 2d 21, 26 (CA1), cert. denied, 466 U. S. 962 (1984); *United States* v. *Kimmel*, 672 F. 2d 720, 721–722 (CA9 1982); *United States* v. *Trapnell*, 638 F. 2d 1016, 1029 (CA7 1980); *United States* v. *Tompkins*, 623 F. 2d 824, 828–829 (CA2 1980). This conflict among the Courts of Appeals has now gained the attention of, and been a source of confusion to, the state courts as well. See, *e. g., State* v. *Christensen*, 40 Wash. App. 290, 292–297, 698 P. 2d 1069, 1071–1073 (1985) (discussing the varying applications of *Faretta*).

Because a conflict among the lower courts has emerged concerning the proper application and interpretation of our decision in *Faretta*, I would grant certiorari and address the question presented by this petition.