**Melvin James JACKSON, Petitioner–Appellant,**

v.

**Elton F. JAMES, Warden, Respondent–Appellee.**

No. 86–8680.

United States Court of Appeals, Eleventh Circuit.

March 17, 1988.

---

Susan S. Cole, Macon, Ga., for plaintiff-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Eddie Snelling, Atlanta, Ga., for respondent-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Melvin J. Jackson, a Georgia inmate, filed a *pro se* federal habeas petition alleging that he had been denied his constitutional right to counsel at trial. The district court denied Jackson's federal habeas petition. We find that Jackson's Sixth Amendment rights were violated.

The facts of this case are not in dispute. Jackson faced nine counts of marijuana sales. Attorney John H. Hayes was ap-

---

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-    tion.

pointed to represent Jackson at trial. On May 14, 1985, the morning of Jackson's trial, Hayes filed a motion to withdraw as Jackson's counsel. The motion stated that "the client, Melvin James Jackson, by his conduct renders it unreasonably difficult for the said John H. Hayes to carry out his representation as attorney for said Melvin James Jackson in an effective manner." As recently as May 10, 1985, attorney Hayes had written Jackson that trial would commence the following Tuesday at 9:00 a.m., that Jackson should appear in court at that time prepared to defend the charges against him, and that Hayes would be in court that morning as well. It is uncontroverted that Jackson had no notice of Hayes' intent to file a motion to withdraw until the morning of his trial.

The first judge approached by Hayes denied his motion to withdraw. There is no record of this exchange. Hayes immediately proceeded to a second judge who, without conducting an inquiry, gave Jackson two options. Jackson could either represent himself or be represented by Hayes. Because Jackson refused Hayes' representation, and because the judge did not recog-

nize Jackson's request for a continuance, Jackson was left to represent himself. The judge instructed Hayes to act as stand-by counsel.[1]

Jackson represented himself through voir dire, the opening statements, and the testimony of eight witnesses. Prior to the ninth and last witness, Jackson requested the court to reappoint Hayes as his attorney. Hayes was reinstated as Jackson's counsel and represented Jackson for the remainder of the trial. The jury acquitted Jackson on two of the charges and convicted him of the rest. Jackson received a sentence of twelve years incarceration and fifty-eight years probation. On appeal, one of the convicted counts was reversed, which reduced Jackson's probation by ten months.

The state habeas court concluded that Jackson was not deprived of his right to counsel and that he was free to hire counsel at any time prior to trial. The court also concluded that Jackson's request for a continuance was not improperly denied. The district court considered Jackson's federal habeas petition without an evidentiary hearing. On the basis of the state habeas

---

1. The relevant portions of the colloquy are as follows:

HAYES: Your Honor, this is an appointed case
.... I filed a motion to be relieved as counsel based on the fact that the Defendant has been totally uncooperative and he has also been dissatisfied. I filed a motion this morning to be relieved as counsel and a motion to sever these counts.
Judge Kelley has denied my motion to sever these counts. Mr. Jackson also announced in Court that he is dissatisfied with my services. He has stated that he wishes to try himself. Judge Kelley wishes for me to sit by him and for me to allow him to try the case himself.
JACKSON: Yes, sir. Excuse me. This is not really what I want, but I would like to know is—I am a layman in the science of law, but this is what I am saying. I have some money to obtain a lawyer to represent me with and Mr. Hayes here has told me about some type of plea bargain that I am dissatisfied with. In that way he has showed me some other things about saying that there were so many witnesses that would be stating against me and would be lying under oath.
He has got hysterical and all of that, so I feel like he wouldn't give me the type of defense that I would have if I had a trial going with whoever my attorney is.

....
COURT: Well, he has got two choices. Let's let him represent himself or he can let you represent him.
....
Which choice do you want?
JACKSON: I don't want Mr. Hayes with me. I just want to go on. I want to hire me a lawyer.
HAYES: ... The Judge has said that the trial would be this morning. As I understand it either he represents himself or I do.
COURT: Well, do you want him just to sit there in case you need to ask him something?
JACKSON: No, sir. I think that what I need to do is to get me a lawyer, Your Honor.
COURT: Well, you could have done that before.
JACKSON: That is what I say, I had to make up my mind. Mr. Hayes was appointed to me by the State. I have some money and I could obtain a lawyer. I could do that no quicker than today or tomorrow. He is the one that I have, but I still don't want to be represented by Mr. Hayes.
COURT: All right, you will have to represent yourself.
HAYES: Yes, Your Honor. Is the Court instructing me to stay here and to assist him?
COURT: Yes.

record, the district court found insufficient cause "to require this Court to relitigate the factual claims allegedly supporting the issues raised," and therefore denied Jackson's writ.

■ Jackson alleges that he was deprived of his right to counsel when the court granted Hayes' motion to withdraw as his appointed counsel even though Jackson had neither asserted his right to self-representation nor waived his right to counsel. This raises a mixed question of law and fact. *Brewer v. Williams,* 430 U.S. 387, 403, 97 S.Ct. 1232, 1241, 51 L.Ed.2d 424 (1977). The district court treated the issue as merely factual and inappropriately gave the state habeas conclusions a presumption of correctness. *Bundy v. Wainwright,* 808 F.2d 1410, 1418 (11th Cir.1987). We must exercise our own judgment as to the blend of facts and law of this case. *Hance v. Zant,* 696 F.2d 940, 947 (11th Cir.1983), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983).

■ We find that Jackson did not invoke his right of self-representation in accordance with the requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We also find that Jackson did not waive his right to counsel in accordance with the requirements of this Circuit.[2] *Faretta* held that "[t]he accused must 'knowingly and intelligently' forgo those relinquished benefits [of counsel]. . . . [H]e should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* at 835, 95 S.Ct. at 2541. This Circuit has repeatedly held, in accordance with *Faretta,* that the

right of self-representation is conditioned on a knowing and intelligent relinquishment of the right to counsel. *Chapman v. United States,* 553 F.2d 886 (5th Cir.1977).

■ The conclusion that Jackson's Sixth Amendment rights were not violated fails on two grounds. First, Jackson did not make a "clear and unequivocal assertion" of his right to self-representation. *Raulerson v. Wainwright,* 732 F.2d 803 (11th Cir.1984), *cert. denied,* 469 U.S. 966, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984); *see also Dorman v. Wainwright,* 798 F.2d 1358 (11th Cir.1986) (must "unambiguously" state request). The closest Jackson came to asserting this right were statements rejecting Hayes, which were accompanied by statements requesting an opportunity to hire his own counsel. From the record, Jackson clearly wanted a lawyer, even if he did not want Hayes. Second, there is no evidence or finding in the record that Jackson understood the disadvantages of self-representation.[3]

■ As early as *United States v. Chaney,* 662 F.2d 1148, 1152 (5th Cir. Unit B 1981), this Circuit held that "a trial judge must conduct a waiver hearing to make sure that the accused understands the risks of proceeding pro se." *See also United States v. Edwards,* 716 F.2d 822 (11th Cir. 1983). Unlike *Edwards,* the judge in this case did not inquire about Jackson's educational background or his knowledge of the law. The judge did not state any specific disadvantages of proceeding without counsel and did not stress that the court could not help Jackson in any special way. *Edwards,* 716 F.2d at 824. Absent a hearing to inform Jackson of the disadvantages and to verify his comprehension thereof, we find nothing else in the record to assure

---

2. Jackson also did not dismiss Hayes. Thus, this case is clearly distinguishable from *Taylor v. Hopper,* 596 F.2d 1284 (5th Cir.1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980), in which the defendant unexpectedly and unequivocally dismissed his counsel after trial had begun. In the case at hand, Hayes precipitated the activity by moving to withdraw. As another distinguishing factor, the *Taylor* court emphasized the fact that Taylor sought to dismiss his counsel after jeopardy had attached. Notably, *Taylor* was decided with regard to the

cautionary language quoted from *Faretta* in this opinion.

3. A number of other important questions were not pursued by the court. When presented with Hayes' motion to withdraw, the court did not inquire into Hayes' claim that Jackson was uncooperative. When presented with Jackson's request for a continuance, the court had an obligation to inquire into Jackson's dissatisfaction with Hayes to ascertain the merits of his request. *Thomas v. Wainwright,* 767 F.2d 738, 741 (11th Cir.1985).

that *Faretta* was followed.[4] A silent record cannot be construed as a waiver of the right to counsel, and the State has not met its burden of showing that Jackson "intelligently and understandingly rejected the offer [of counsel]." *Carnely v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).[5]

Because the facts fail to indicate a knowing and intelligent waiver of the right to counsel in this case, we DIRECT the district court to grant Jackson's petition for the writ of habeas corpus conditioned on the state's affording Jackson a new trial.

We REVERSE the decision below.

---

**4.** Thus this case is distinguishable from *Fitzpatrick v. Wainwright*, 800 F.2d 1057 (11th Cir. 1986). *Fitzpatrick* was a "rare" case in which an exception to the hearing requirement was made because the evidence of numerous "background factors" conclusively showed that the defendant had made a "knowing and intelligent decision to represent himself." 800 F.2d at 1065–68. *Fitzpatrick* is also distinguishable in that the court found that the defendant "clearly and unequivocally asserted his right to self-representation." *Id.* at 1064–65.

**5.** We note that Hayes' position as stand-by counsel did not cure the constitutional infirmity. Factually, Jackson's self-representation was not materially helped by Hayes. As Hayes himself said when Jackson asked to have him reappointed, "[i]t is very difficult for me to overcome the problems that have already been created on the record.... the damage has already been done." Legally, the threshold issue of whether Jackson waived his constitutional right to counsel cannot be replaced by a harmless error analysis. *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978). "[A] trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). In this case, Hayes did not represent Jackson during jury selection, opening statement, and the examination of eight out of nine witnesses.