914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald J. HOWARD, Defendant-Appellant.
 No. 89-6296.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Howard appeals his sentence following his guilty plea to an information charging him with conspiracy to distribute cocaine and possession of cocaine with the intent to distribute, and an information charging him with preparing a false income tax return.
 
 
 2
 From early 1987 through March 1989, Howard obtained approximately two ounces of cocaine bi-weekly from his supplier, Phil Davis. Once he obtained the cocaine, Howard would personally distribute and sell it for profit. Howard distributed some of the cocaine through Nathan Van Hooser. Howard and Van Hooser diluted the cocaine by adding one ounce of Inositol to every two ounces of cocaine. Thus, Howard and Van Hooser distributed three ounces of diluted cocaine every two weeks. Of the cocaine they distributed, Howard received 60-65% of the proceeds and Van Hooser kept 35-40% of the proceeds.
 
 
 3
 In March 1989, following an investigation by agents of the Tennessee Bureau of Investigation, the Federal Drug Enforcement Administration, and Internal Revenue Service, Howard met with investigative agents and confessed his involvement in a conspiracy to distribute cocaine. Following that meeting, Howard took the law enforcement officials to Van Hooser's residence where they located a quantity of cocaine that Howard and Van Hooser had stored there. For the next three months, Howard cooperated with law enforcement officials in further investigations.
 
 
 4
 On June 15, 1989, Howard entered into a written plea agreement in which he agreed to plead guilty to a violation of 21 U.S.C. Sec. 846, conspiracy to distribute cocaine, and a violation of 26 U.S.C. Sec. 7201, income tax evasion. Howard entered his pleas on two separate occasions. Pursuant to the plea agreement, Howard appeared on June 15, 1989 and pled guilty to a one-count information charging him only with income tax evasion. On August 17, 1989, Howard pled guilty to an information charging him only with conspiracy to distribute cocaine.
 
 
 5
 In both plea appearances, Howard appeared without counsel. The district court engaged in an extensive explanation of a defendant's constitutional right to be represented by counsel and explained that sentencing under the federal guidelines was very complicated. Despite the district court's urging that he obtain counsel, Howard steadfastly expressed his desire to proceed without counsel.
 
 
 6
 After receiving a copy of the presentencing report, Howard filed written objections and requested a continuance so that he could consult with counsel regarding the guidelines and the report. Sentencing was rescheduled, and Howard consulted with an attorney.
 
 
 7
 At the sentencing hearing on September 25, 1989, Howard explained to the court that he had consulted with an attorney but decided not to retain one. The district court addressed Howard's objections and the calculations made in the pre-sentence report.
 
 
 8
 The report included the following calculations. First, the base offense level for conspiracy to distribute cocaine was set at level 30 pursuant to Guidelines Sec. 2D1.4(a). This level was premised upon the distribution of 156 ounces of cocaine. Second, the base level was adjusted upward two levels to reflect Howard's role in the offense. Guidelines Sec. 3B1.1(c). The base offense level was then reduced by two levels for acceptance of responsibility. Guidelines Sec. 3E1.1. Thus, the final base offense level was set at level 30. Howard's criminal history level was determined to be Category II, resulting from his two prior convictions for possession of cocaine. With an offense level of 30 and a criminal history category II, the applicable Guideline range was determined to be 108 months to 135 months, or nine years to eleven years, three months. The applicable fine range was $15,000 to $1,000,000. The district court adopted the presentence report, but accepted the government's motion under Guidelines Sec. 5K1.1 and granted a downward departure reflecting Howard's cooperation with law enforcement officials. Consequently, Howard received a sentence of 68 months, or five years, eight months, a fine of $25,100 and a term of supervised release of three years.
 
 
 9
 Howard argues that the district court erred in considering relevant conduct prior to November 1, 1987 because the activity, though part of the conspiracy, occurred before the Guidelines became effective. He also argues that the district court's consideration of drug activity from March 1987 to November 1, 1987 violated the ex post facto clause of the Constitution. In support of this claim, he cites several cases which hold that the Guidelines do not apply to offenses committed prior to November 1, 1987.
 
 
 10
 This conspiracy straddles the effective date of the Guidelines--that is, Howard's acts occurred both before and after the enactment of the Guidelines. The cases cited by Howard deal only with offenses completed before the effective date of the Guidelines.
 
 
 11
 In United States v. Walton, No. 89-1862 (6th Cir. July 18, 1990), this Circuit held that the Guidelines apply to continuing conspiracies begun before the effective date of the guidelines and continuing after that date. See also United States v. Tharp, 892 F.2d 691, 693 (8th Cir.1989); United States v. Story, 891 F.2d 988 (2d Cir.1989).
 
 
 12
 Howard contends that the government breached its plea agreement with him by using facts obtained during his cooperation with the government against him. Specifically, Howard contends that the plea agreement states that no information provided by the defendants will be used against the defendants. Actually the agreement states that no self-incriminating evidence provided by the defendant [singular] will be used against the defendant [singular] except for information known to the government prior to entering into this plea agreement or for perjury or in case of the defendant's breach of the plea agreement. The information he objects to establishes that he obtained one ounce of cocaine a week from his supplier, Phil Davis, which Howard and Van Hooser would dilute and sell for profit. He complains that there was no showing that this evidence came from sources other than himself and that the presentence report should be corrected to delete amounts of cocaine determined using this information.
 
 
 13
 The government states that, first, this issue was not raised in the district court and may not be heard on appeal. Second, Howard has not met his burden of showing that information obtained from him which was not known to the government prior to the entry of the plea agreement was used against him. Howard suggests that information obtained from Van Hooser and Davis, who were arrested as a result of his cooperation, was used against him. The district court specifically refused to use information supplied by Davis regarding the amount of cocaine delivered by him to Howard in the calculation of the amount upon which his sentence was based. Any information used against Howard was obtained prior to his entering into a plea agreement with the government.
 
 
 14
 Howard also contends that the fine imposed upon him was improper under 18 U.S.C. Sec. 3553(a)(6) because it was greater than the fine imposed upon his co-conspirator, Davis. Davis was fined $17,000 and Howard was fined $25,000.
 
 
 15
 The government states that if a sentence is within the Guidelines range, it can be appealed only if it was imposed in violation of law. United States v. Tucker, 892 F.2d 8, 10 (1st Cir.1989). The government argues that, as the Seventh Circuit has noted, "[n]othing in 18 U.S.C. Sec. 3742(a) ... allows review of a sentence imposed in conformity with the Guidelines on grounds that a codefendant was treated differently." United States v. Smith, 897 F.2d 909, 911 (7th Cir.1990); see also United States v. Boyd, 885 F.2d 246, 249 (5th Cir.1989) (per curiam) (defendant "cannot base a challenge to his sentence solely on the lesser sentence given ... to his codefendant").
 
 
 16
 The government asserts that even if the issue were appealable, 18 U.S.C. Sec. 3553(a)(6) requires that the court void only unwarranted sentence disparities. A defendant's assets and ability to pay are legitimate considerations for determining the amount of a fine. Here, substantial assets, including a home and a Mercedes had already been seized from Davis prior to the imposition of sentence in this case. There was no abuse of discretion in imposing the disparate fines. Moreover, Davis received eleven years in prison--nearly twice the incarceration time received by Howard.
 
 
 17
 Howard argues that he did not knowingly and intelligently waive his right to counsel at the sentencing phase because the complexities of the pre-sentence report were beyond his understanding. He also argues that upon a claim of indigency, he was not appointed counsel.
 
 
 18
 The Record amply demonstrates that the district court scrupulously followed the standards for allowing a defendant to waive counsel which were set out in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir.), cert. denied, 484 U.S. 980 (1987) (Jones, J.). Howard knowingly and intelligently waived his right to counsel. In fact, the district court commendably granted Howard's request for time to consult with counsel following the filing of the presentence investigation despite Howard's initial waiver of his right to counsel. Thus, Howard waived counsel, was later granted the right to consult with counsel, and then waived counsel again. His consultation with counsel and subsequent second waiver make clear that he knowingly and intelligently waived his right to counsel.
 
 
 19
 Consequently, we reject each of Howard's assertions of error and his sentence is affirmed.