9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory P. NOBLE, Sr., Petitioner-Appellant,
v.
Reginald WILKINSON, Respondent-Appellee.
 No. 92-4121.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Gregory P. Noble, Sr., an Ohio prisoner represented by counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The district court found that Noble voluntarily waived his right to counsel at trial. We affirm.
 
 
 2
 In 1988, an Ohio jury convicted Noble of felonious assault, having a weapon while under a disability, and unlawful possession of a dangerous ordnance. Each charge contained a firearm specification. Noble received a three-year sentence for the firearm specifications, and an indeterminate term of six to fifteen years on the felonious assault conviction, with a minimum of six years actual incarceration.
 
 
 3
 After exhausting his available state court remedies, Noble filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Noble alleged that the trial court failed to conduct a "searching" inquiry into whether he voluntarily waived his right to counsel. The district court, adopting the report of the magistrate judge, dismissed Noble's petition. In his timely appeal, Noble argues that the district court erred by concluding that he had waived his right to counsel and by concluding that his stand-by appointed counsel cured his defective waiver. We disagree.
 
 
 4
 We believe that Noble knowingly, voluntarily, and intelligently waived his right to counsel. Contrary to Noble's assertion, a deliberate and searching inquiry by the state court into the reasons for a defendant's decision to represent himself is not required. When reviewing on direct appeal a claim of error regarding a waiver of counsel, we examine the substantive, detailed inquiry required of the district court pursuant to United States v. McDowell, 814 F.2d 245, 249-50 (6th Cir.), cert. denied, 484 U.S. 980 (1987) (district court shall conduct detailed "model inquiry" before allowing defendant to represent himself). McDowell speaks to this Court's supervisory powers, however, and does not apply to how we analyze a habeas corpus action except as a starting point. Needless to say, we would not set a higher standard for habeas than we would for federal defendants. We must therefore review the whole record, as the McDowell court did in upholding that defendant's conviction. Id. at 249.
 
 
 5
 In examining the record of the proceedings in this case one is uncertain at first why the petitioner takes the tack he does. Noble was interrogated by the court officer who worked with the trial judge while his court-appointed attorney was present. His employed counsel had been previously dismissed. The only real argument that he now raises is the question of "why" the Common Pleas Judge did not ask him "why he wanted to dismiss his court-appointed counsel." This begs the question. At that time petitioner seemed intent on trying the case himself, and asked for help from his court-appointed attorney.
 
 
 6
 Applying the general admonitions of McDowell, we think that Noble attacks the finding of the Ohio appellate court that he waived counsel. This finding has not been shown to be flawed. The record establishes that Noble requested permission to represent himself, that the trial judge interrogated him as to whether he understood his right to counsel, that counsel was available to represent him or to sit with him, and that he waived his right to counsel. Furthermore, Noble signed a waiver of counsel form. Based upon these facts, Noble clearly and unequivocally asserted his right to self-representation and therefore waived his right to counsel. See Faretta v. California, 422 U.S. 806, 835 (1975); McDowell, 814 F.2d at 249.
 
 
 7
 We also conclude that Noble received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Noble's counsel, Edward Powers, conducted the voir dire, a portion of the direct examination, the cross-examination, and the closing arguments. In addition, Powers represented Noble during the selection of jury instructions and at sentencing. Noble's efforts at trial essentially involved some direct questioning, a few objections, and a closing statement. Finally, the record does not establish that Powers' performance was adversely affected by a conflict of interest. These facts demonstrate that Noble received a fundamentally fair trial, because Powers was essentially representing him at all stages of the proceedings. See Lundy, 888 F.2d at 469-70. Noble's remaining claims are without merit.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation