62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. LEGGETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3013.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Michael K. Leggett appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1992, a jury convicted Leggett of attempted bank robbery and assault upon a federal officer. The district court sentenced Leggett to 115 months of imprisonment and three years of supervised release. Leggett filed a timely appeal from his conviction and sentence. While his direct appeal was pending, Leggett filed a motion to vacate sentence, which the district court denied. Leggett appealed this denial. The appeals were consolidated and this court affirmed the district court's judgments, both as to Leggett's conviction and sentence and the denial of his motion to vacate. United States v. Leggett, Case Nos. 92-4269, etc., (6th Cir. May 5, 1994) (unpublished per curiam).
 
 
 3
 Leggett then filed a second motion to vacate sentence in the district court, alleging that: (1) the district court erred in concluding that he was competent to stand trial; (2) the district court used an unconstitutional conviction to enhance his sentence; (3) the district court did not determine that he knowingly and voluntarily waived his right to counsel; and (4) the government did not disclose evidence favorable to him. The district court concluded that Leggett's motion was an abuse of the writ and also determined that his claims were without merit. Consequently, the court denied his motion. Leggett has filed a timely appeal. On appeal, he requests the appointment of counsel.
 
 
 4
 The district court properly denied Leggett's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994). In order to obtain relief for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); Vines v. United States, 28 F.3d 1123, 1130 (11th Cir. 1994).
 
 
 5
 Initially, we note that consideration of the issues raised by Leggett in his motion is barred because he could have raised these claims on direct appeal and he has not argued cause for failing to raise them at that time. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Nor was he prejudiced by not raising these claims, id., because, as noted below, his claims are without merit. The district court complied with the requirements of 18 U.S.C. Sec. 4241 in determining that Leggett was competent to stand trial. The district court also properly determined that Leggett knowingly and voluntarily elected to represent himself in that court. See United States v. McDowell, 814 F.2d 245, 248-49 (6th Cir.), cert. denied, 484 U.S. 980 (1987). Leggett's argument that the government should have provided him with a 1988 psychiatric report is without merit. Lastly, he may not challenge the district court's use of a prior conviction to enhance his sentence under the Sentencing Guidelines. See United States v. Bonds, 48 F.3d 184, 186-87 (6th Cir. 1995).
 
 
 6
 Accordingly, we deny Leggett's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.