72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fletcher H. WORD, III, Defendant-Appellant.
 No. 94-4102.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Fletcher H. Word III, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Word was arrested for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). A superseding indictment was filed in November 1993, adding two counts of entering a bank to commit a felony to the original armed robbery charge. The case went to trial in January 1994, resulting in a mistrial. Thereafter, a second superseding indictment was filed charging the defendant with a fourth count of armed bank robbery. A jury found Word guilty of counts one and four. The trial court sentenced him to 97 months of imprisonment.
 
 
 3
 Word has filed a timely appeal, arguing that the district court erred when: 1) it did not properly determine whether he knowingly and intelligently waived the assistance of trial counsel; 2) it denied his motion for a judgment of acquittal as there was insufficient evidence to support his conviction; 3) it denied his motion to suppress a witness's in-court identification of him; 4) it enhanced his total offense level by five points for brandishing, displaying or possessing a firearm; and 5) it did not declare a mistrial based on prosecutorial misconduct.
 
 
 4
 The district court properly determined that Word knowingly and intelligently waived the assistance of trial counsel. See Faretta v. California, 422 U.S. 806, 834 n. 46 (1975); United States v. McDowell, 814 F.2d 245, 250 (6th Cir.), cert. denied, 484 U.S. 980 (1987). A review of the record reflects that the district court substantially complied with McDowell. Word testified that he had a Bachelor of Arts degree from Harvard University and that he understood English. There was no indication that Word had any apparent physical or psychological disorders, and no one indicated that Word might be incompetent. Finally, the district court admonished Word of the dangers of representing himself.
 
 
 5
 The district court properly denied Word's motion for a judgment of acquittal as to count four as there was sufficient evidence to support his conviction. See United States v. Abner, 35 F.3d 251, 252 (6th Cir.1994); see also Jackson v. Virginia, 443 U.S. 307, 324 (1979) (Court enunciates test for review of sufficiency of the evidence claims). The government presented a bank-teller, Conner, as an eyewitness. While Conner had been unable to identify the robber on two prior occasions, she did identify Word as the robber approximately seven months after the crime. Conner's inability to identify Word as the robber on certain occasions before the trial does not render her testimony inadmissible, but only goes to the credibility of her testimony which is fully a function of the jury to assess under the totality of the circumstances. United States v. Causey, 834 F.2d 1277, 1286-87 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). Additionally, Conner identified Word as the robber on the day of his trial. Word did not establish that the identification procedure was unduly suggestive, and the totality of the circumstances reflects that Conner's identification testimony was reliable. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Thus, Conner's identification of Word as the robber constitutes sufficient evidence to support his conviction.
 
 
 6
 The district court also properly denied Word's motion to suppress Conner's in-court identification. See United States v. Kennedy, 61 F.3d 494, 497 (6th Cir.1995). Again, Word did not establish that the identification procedure was unduly suggestive, and the totality of the circumstances reflects that Conner's identification testimony was reliable. See Biggers, 409 U.S. at 198.
 
 
 7
 The district court properly enhanced Word's offense level by five points for possessing and displaying a firearm. See USSG Sec. 2B3.1(b)(2)(C); United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). The government met its burden of proving, by a preponderance of the evidence, that Word displayed or possessed a firearm during the first robbery. See id. A witness testified that the robber opened his jacket and showed her that he had a gun stuffed in the waistband of his pants. She described the gun as a semi-automatic weapon. Word improperly relies on United States v. Koonce, 991 F.2d 693 (11th Cir.1993), in support of his argument. The court in Koonce held that the five level enhancement pursuant to USSG Sec. 2B3.1 was improper where there was evidence that the "gun" was not a real firearm. Id. at 698. Here, nothing in the record affirmatively establishes that the gun used in this case was not real. We note that Word's convictions were combined for sentencing purposes pursuant to USSG Sec. 3D1.4; hence, the sentence remains the same because the enhancement was proper as to count one.
 
 
 8
 The district court properly decided not to declare a mistrial because of the prosecutor's alleged misconduct. We review a district court's denial of a motion for a mistrial for an abuse of discretion. United States v. Carroll, 26 F.3d 1380, 1383 (6th Cir.1994). However, Word did not file a motion for a mistrial. Therefore, we review only for plain error. United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). The record establishes that the prosecutor did not misrepresent the witness testimony or mislead the jury. In addition, the prosecutor did not improperly inject personal opinion into the case, despite two observations about photographs. These observations did not misrepresent the evidence or mislead the jury. Carroll, 26 F.3d at 1389.
 
 
 9
 The prosecutor also did not improperly vouch for the witnesses. His request that the jury consider the witnesses's motive to be untruthful did not indicate that there was any way to ensure that the witnesses had been truthful, nor did he place the prestige of the government or the court behind the credibility of the witnesses. Id.
 
 
 10
 Finally, the prosecutor's mistake in confusing a witness's testimony at the identification hearing with her testimony before the jury does not warrant reversal because of the strength of the evidence against Word. See United States v. Dandy, 998 F.2d 1344, 1352 (6th Cir.1993), cert. denied, 114 S.Ct. 1188 (1994).
 
 
 11
 Accordingly, we affirm the judgment of conviction and sentence.