101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. LEGGETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3392.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Michael K. Leggett, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In separate jury trials, Leggett was convicted of attempted bank robbery and assault on a federal officer; he was sentenced on November 16, 1992, to 115 months in prison and three years of supervised release. He was also found guilty of violating conditions of supervised release and was sentenced to 24 months in prison, to be served consecutively to the 115-month term. A panel of this court affirmed Leggett's convictions and sentences in an unpublished opinion. United States v. Leggett, Nos. 92-4269, etc., 1994 WL 171441 (6th Cir. May 5, 1994) (per curiam). That opinion also affirmed the district court's denial of Leggett's first motion to vacate, which had been filed while his direct appeal was pending before this court. Leggett's second § 2255 motion was denied by the district court on December 6, 1994, and this denial also was affirmed on appeal. Leggett v. United States, No. 95-3013, 1995 WL 452305 (6th Cir. July 27, 1995) (order), cert. denied, 116 S.Ct. 539 (1995).
 
 
 3
 In his third and present motion to vacate, Leggett asserts that he received ineffective assistance of appellate counsel. The district court summarily dismissed this action in a memorandum and order filed on March 22, 1996. A separate order was filed on March 28 and entered on April 1, 1996.
 
 
 4
 On appeal, Leggett continues to argue that appellate counsel rendered ineffective assistance by failing to appear at oral argument and by failing to raise the issue that Leggett was not represented by counsel before being found competent to stand trial.
 
 
 5
 Upon review, we affirm the district court's order. The denial of a § 2255 motion is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the outcome of the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). The record in this case does not meet that standard.
 
 
 6
 A defendant is entitled to effective assistance of counsel in his first appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). The two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), is applicable to claims of ineffective assistance of appellate counsel. Under that test, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. Id. at 687.
 
 
 7
 Leggett principally complains that counsel was ineffective because he failed to appear for oral argument. The case was therefore decided on the record and briefs pursuant to Fed.R.App.P. 34(e). We note that Leggett has no complaint about the quality of counsel's appellate brief, except as discussed below, and this court was able to discuss and decide the issues raised therein. Even if it is assumed that counsel's performance was deficient for failure to appear at oral argument, Leggett has utterly failed to demonstrate that submission of his case on the briefs prejudiced the appeal.
 
 
 8
 Leggett further argues that appellate counsel was ineffective by failing to raise the issue that he was not appointed counsel before being found competent to stand trial. This argument is completely meritless. An appellant has no constitutional right to have every non-frivolous issue raised on appeal, Jones v. Barnes, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel. United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). Moreover, an attorney is not required to present an argument, such as this one, for which there is no good-faith factual support in order to avoid a charge of ineffective representation. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). Finally, Leggett has again failed to establish prejudice because he has not shown that the direct appeal of that issue would likely have been successful.
 
 
 9
 Accordingly, the district court's order, entered on April 1, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.