[No. 5963–4–III.   Division Three.   April 16, 1985.]

The State of Washington, *Respondent,* v. Paul
Christensen, *Appellant.*

*William E. Garnett,* for appellant (appointed counsel for appeal).

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

McINTURFF, A.C.J.—Paul Christensen appeals his conviction of possession of controlled substances, cocaine and LSD. The primary issue concerns whether Mr. Christensen knowingly and intelligently waived his right to counsel. We reverse.

At his preliminary appearance September 13, 1982, Mr. Christensen appeared in person and was not represented by counsel. He was advised by both the prosecutor and the court to obtain counsel and the arraignment was postponed for 1 week to give Mr. Christensen an opportunity to reconsider his decision to represent himself and to secure the services of counsel. The arraignment was actually held October 13, when Mr. Christensen appeared pro se, did not request court–appointed counsel and was advised once again by the court of his right to counsel.

On December 9, Mr. Christensen requested a continuance of the trial date but the motion was denied because he was unable to give the court sufficient reason for the continuance. On December 16, a second motion for continuance was made by Mr. Christensen and was again denied by the court for the same reason. The trial commenced the same day; defendant was found guilty by the jury on both charges.

■ *State v. Fritz,* 21 Wn. App. 354, 358, 585 P.2d 173, 98 A.L.R.3d 1 (1978) extensively reviews a defendant's right to represent himself. Relying on *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), the court listed eight basic principles for implementing and asserting the right to a pro se defense. Among those elements is the factor that the right must be exercised knowingly and intelligently. A thorough examination of that issue is found in *Bellevue v. Acrey,* 103 Wn.2d 203, 691 P.2d 957 (1984). We quote extensively from that opinion at pages 208–11:

> A waiver of counsel must be knowing, voluntary, and intelligent, as with any waiver of constitutional rights. *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). If counsel is properly waived, a criminal defendant has a right to self–representation. Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6; *Faretta v. California,* 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975).
>
> In *Faretta,* the Court articulated the test for valid waiver of counsel:
>
>> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self–representation, *he should be made aware of the dangers and disadvantages of self–representation,* so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Adams* v. *United States ex rel. McCann,* 317 U. S. [269, 279, 87 L. Ed. 268, 63 S. Ct. 236, 143 A.L.R. 435 (1942)].
>
> (Italics ours.) *Faretta,* at 835.
>
> . . .
>
> The federal circuit courts interpret *Faretta* in two ways. A number of the circuits require a colloquy on the record between the judge and defendant whereby the judge informs the defendant of the risks of self–representation. The colloquy must show that the trial judge advised defendant in unequivocal terms of the technical problems he may encounter in self–representation, *United States v. Welty,* 674 F.2d 185 (3d Cir. 1982), or that the judge has, in some fashion, explained and explored the risks of self–representation with the defendant. *United States v. Donahue,* 560 F.2d 1039 (1st

Cir. 1977); *United States v. Aponte,* 591 F.2d 1247 (9th Cir. 1978); *United States ex rel. Tonaldi v. Elrod,* 716 F.2d 431 (7th Cir. 1983); *United States v. Bailey,* 675 F.2d 1292 (D.C. Cir. 1982).

Division Three of the Court of Appeals has also interpreted *Faretta* to require a colloquy on the record. That court held in *State v. Chavis,* 31 Wn. App. 784, 644 P.2d 1202 (1982) that a valid waiver requires a thorough inquiry into the defendant's understanding of self–representation. The *Chavis* court specifically rejected as inadequate the form of waiver undertaken by Chavis:

> *[A] mere routine inquiry*—the asking of several standard questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver . . .

*Chavis,* at 789–90 (citing *Von Moltke v. Gillies,* 332 U.S. 708, 92 L. Ed. 309, 68 S. Ct. 316 (1948)). *Accord, State v. Dougherty,* 33 Wn. App. 466, 655 P.2d 1187 (1982), *review denied,* 99 Wn.2d 1023 (1983).

. . .

In our judgment, the trial court should assume responsibility for assuring that decisions regarding self–representation are made with at least minimal knowledge of what the task entails. The United States Supreme Court recognized this 36 years ago in *Von Moltke v. Gillies, supra* at 723–24, where the Court stated:

> [A] judge must investigate as long and as thoroughly as the circumstances . . . demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility.

In interpreting *Faretta,* we agree that a colloquy on the record is the preferred means of assuring that defendants understand the risks of self–representation. We strongly recommend such a colloquy as the most efficient means of limiting appeals. That colloquy, at a minimum, should consist of informing the defendant of the nature and classification of the charge, the maximum penalty upon conviction and that technical rules exist which will bind defendant in the presentation of his case.

Nonetheless, in cases where no colloquy exists on the record, this court will look at any evidence on the record

that shows defendant's actual awareness of the risks of self–representation. However, in no case will mere evidence of a defendant's literacy, educational level, common sense, or prior experience with the criminal justice system be sufficient to show an awareness of these risks.

. . .

In the absence of a colloquy, the record must somehow otherwise show that the defendant understood the seriousness of the charges and knew the possible maximum penalty. The record should also show that the defendant was aware of the existence of technical rules and that presenting a defense is not just a matter of telling one's story. *See Maynard v. Meachum,* 545 F.2d 273 (1st Cir. 1976). Accordingly, only rarely will adequate information exist on the record, in the absence of a colloquy, to show the required awareness of the risks of self–representation.

The court then reviewed the evidence and concluded the defendants did not appreciate the seriousness of the charge, the penalties involved or the technical aspects of presenting a defense. The convictions were reversed and the cause remanded for a new trial.

The record in this case presents a fact pattern similar to that in *Bellevue v. Acrey, supra.* The court advised the defendant on two occasions regarding his constitutional right to have an attorney present, outlined the charges and the maximum penalties for both. The court inquired as to Mr. Christensen's educational level (11th grade) and his ability to read and write English. A jury was impaneled and the trial proceeded.

■ Mr. Christensen was not advised of the technical aspects[1] of conducting a defense nor the rules regarding

---

[1] Some of the technical rules which will bind the defendant in the presentation of his case include, but are not limited to, the right to object, the right to cross–examine the State's witnesses, present his own witnesses at the State's expense; voir dire members of the jury; use of peremptory challenges or challenges for cause; submit pretrial motions for omnibus or CrR 3.5 hearings; the time limitations for various motions; the right and manner for preserving error for appeal purposes and any other technical information which will alert a pro se defendant to the fact that conducting one's own defense involves more than "telling one's story".

procedures used to preserve error. The judge did not offer advice to the effect that presenting a defense is not just a matter of telling one's story. The lack of knowledge and appreciation for his plight is evidenced by Mr. Christensen's total lack of participation in his own case, *e.g.,* his lack of participation during voir dire of the jurors, his minimal cross examination of witnesses, his lack of argument, pretrial motions, objections and jury instructions on his own behalf. Thus, we find Mr. Christensen did not make a knowing and intelligent waiver of his right to have counsel represent him at no expense to him.

In *Bellevue,* at page 211, our Supreme Court stated that "a colloquy on the record is the preferred means of assuring that defendants understand the risks of self–representation" and the defendant should be advised "that technical rules exist which will bind [him] in the presentation of his case." However, the court did not specify what those technical rules were. It is only through an appreciation for and an ability to use these technical rules, gleaned from 3 years of specialized legal education and, in many instances, years of criminal defense experience, that one is assured of a proper legal defense. Imparting this aspect of the law to the average criminal defendant may take much effort on the part of the trial judge. By way of attempting to assist the state trial bench, we have set out in a footnote an amplified list of the questions used by the federal bench to explore the subject of waiver of legal representation by criminal defendants.[2] These questions, in layman's terms, seek to

---

[2]Vol. 1 of the *Bench Book for United States District Court Judges* (Federal Judicial Center, November 1979) provides:

"An accused has a constitutional right to represent himself if he chooses to do so. A defendant's waiver of counsel must, however, be knowing and voluntary. This means that you must make clear on the record that the defendant is fully aware of the hazards that he faces and the disadvantages of self–representation.

"When a defendant states that he wishes to represent himself, you should therefore ask questions similar to the following:

"1. Have you ever studied law?

"2. Have you ever represented yourself or any other defendant in a criminal action?

ascertain the defendant's ability to understand and appreciate not only some of the complexities involved in the

"3. You realize, do you not, that you are charged with these crimes:

"(Here state the crimes with which the defendant is charged.)

"4. You realize, do you not, that if you are found guilty of the crime charged in Count I the Court could sentence you to as much as ___ years in prison and fine you as much as $___?

"(Then ask him a similar question with respect to each other crime with which he may be charged in the indictment or information.)

"5. You realize, do you not, that if you are found guilty of more than one of those crimes this Court can order that the sentences be served consecutively, that is one after another?

"6. You realize, do you not, that if you represent yourself, you are on your own? I cannot tell you how you should try your case or even advise you as to how to try your case.

[Admonish on the complexity of jury selection also.]

"7. Are you familiar with the . . . Rules of Evidence?

"8. You realize, do you not, that the . . . Rules of Evidence govern what evidence may or may not be introduced at trial and, in representing yourself, you must abide by those rules?

"9. Are you familiar with the . . . Rules of Criminal Procedure?

"10. You realize, do you not, that those rules govern the way in which a criminal action is tried in [superior] court?

"11. You realize, do you not, that if you decide to take the witness stand, you must present your testimony by asking questions of yourself? You cannot just take the stand and tell your story. You must proceed question by question through your testimony.

"[12. Ask the defendant why he does not want an attorney.]

"[13. Ask defendant if any threats or promises have been made to induce him to waive his right to counsel.]

"[14.] (Then say to the defendant something to this effect.) I must advise you that in my opinion you would be far better defended by a trained lawyer than you can be by yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I would strongly urge you not to try to represent yourself. [This could be expanded and repeated.]

"[15.] Now, in light of the penalty that you might suffer if you are found guilty and in light of all of the difficulties of representing yourself, is it still your desire to represent yourself and to give up your right to be represented by a lawyer?

"[16.] Is your decision entirely voluntary on your part?

"[17.] If the answers to the two preceding questions are in the affirmative, you should then say something to the following effect:

'I find that the defendant has knowingly and voluntarily waived his right to counsel. I will therefore permit him to represent himself.'

"If you have approved defendant's election to represent himself, *you*

defense of a criminal charge, but more importantly, his understanding of the catastrophic results that can occur if an individual unschooled in the law attempts to cope with these complexities alone, *i.e.,* complete loss of liberty or life.

Mr. Christensen also raises other issues in his pro se brief regarding the constitutionality of the statute under which he was convicted. However, he does not offer any legal authority to support his conclusions other than vague references to the constitution. We will not consider his arguments as they do not appear on their face to have merit. *State v. Young,* 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied,* 439 U.S. 870 (1978) (citing *DeHeer v. Seattle Post–Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

Finally, arguments were made regarding the denial of a continuance of the trial date and the validity of the affidavit on which the search warrant was based. The decision to grant or deny a continuance is discretionary. *State v. Williams,* 84 Wn.2d 853, 529 P.2d 1088 (1975); *State v. Jennings,* 35 Wn. App. 216, 666 P.2d 381 (1983). We find there was no abuse of discretion in denying the continuance.

With respect to the search warrant affidavit, Mr. Christensen's failure to raise the issue at trial precludes us from considering the issue on appeal. *State v. Silvers,* 70 Wn.2d 430, 432, 423 P.2d 539, *cert. denied,* 389 U.S. 871, 19 L. Ed. 2d 152, 88 S. Ct. 156 (1967) (citing *State v. Hartness,* 147 Wash. 315, 265 P. 742 (1928)). *See also State v. Cook,* 31 Wn. App. 165, 639 P.2d 863 (1982).

Because the record does not establish a knowing and intelligent waiver of Mr. Christensen's right to counsel, the judgment of the Superior Court is reversed; the case is remanded (1) for a determination of whether Mr. Christen-

---

*should consider the appointment of standby counsel with whom the defend-
ant may confer before and during trial."*

(Italics ours.) We strongly suggest appointment of standby counsel for the benefit of the defendant to alleviate the allegation of this error on appeal. *See State v. Chavis,* 31 Wn. App. 784, 793, 644 P.2d 1202 (1982).

sen should be allowed to proceed pro se, and (2) for a new trial.

THOMPSON, J., and MITCHELL, J. Pro Tem., concur.

Review denied by Supreme Court June 21, 1985.