[No. 16099-1-I. Division One. July 28, 1986.]

THE CITY OF RENTON, *Respondent,* v. WILLIAM WILLARD, *Petitioner.*

*Martha French* and *Warren & Kellogg,* for petitioner.

*James D. Cayce, Mark Flora,* and *Cayce & Fleck,* for respondent.

GROSSE, J.—William Willard appeals his conviction for simple assault in the Renton Municipal Court. He contends that he did not make a knowing and intelligent waiver of his rights to trial by jury and to counsel.

The record in this case was contained in electronic tapes. Neither party provided this court with a written transcript of the trial as required by RAP 9.1(b) and RAP 9.2(a), (b). *Seattle v. Boulanger,* 37 Wn. App. 357, 680 P.2d 67 (1984). However, the following facts were stipulated by the parties.

William Willard was arrested for simple assault on August 26, 1984. A police officer came upon an altercation in a parking lot. When Willard continued to strike the person he was fighting with, the officer arrested him. He was arraigned the following day.

Prior to arraignment Willard signed a rights form and a form informing him of his right to a jury. No colloquy took place on Willard's waiver of his rights either at arraignment or at trial. He pleaded not guilty and was assigned a trial date.

On October 10, 1984, Willard appeared and without counsel was tried by the bench. The victim of the assault was not present. Based upon the testimony of the officer

and statements made to that officer by Willard, Willard was found guilty. He was sentenced to 90 days with 70 days suspended. After conviction, Willard made the following statement: "Paul Hauser, my lawyer, I didn't think I needed him today."

Willard moved for reconsideration. His motion was denied but he was granted a public defender for purposes of appeal. Willard appealed to the superior court to no avail.

The question with which we are presented is whether the facts of the present case demonstrate a sufficient waiver of Willard's right to trial by jury and of his right to counsel.

■ With regard to Willard's waiver of trial by jury, we find the waiver to be valid. Willard signed a document entitled "Renton Municipal Court Advice of Rights" which contained the following language:

> 2. You have a constitutional right to trial by jury. You can make that request now or notify this court within fourteen (14) days of today's date that you want a jury trial. If you do not so notify the court within that time limit, then the right to jury trial will be deemed waived. You will be required to sign a written acknowledgement of this waiver as part of setting of a non–jury trial date; but you may ask for a jury trial within 14 days thereafter.

He also signed a Renton Municipal Court document which contained the following language:

> JURY TRIAL–DEMAND OR WAIVER
> I understand that I have the right to a jury trial. I understand that I have the right to talk to an attorney before deciding upon a jury trial or not. If I decide that I want a jury trial, I must notify the court in writing within fourteen days, otherwise I will waive my right to a jury trial.

While not endorsing the method or language utilized in these forms, we find that the two together are sufficient to meet the requirements of *Bellevue v. Acrey*, 103 Wn.2d 203, 691 P.2d 957 (1984) and *Seattle v. Williams*, 101 Wn.2d 445, 680 P.2d 1051 (1984). They demonstrate a knowing and intelligent waiver of the right to trial by jury.

█ We find Willard's waiver of his right to counsel, however, to be invalid. Our decision is controlled by *Bellevue v. Acrey, supra.* In *Acrey* the court pointed out that before a defendant waives his right to counsel, he must understand the risks of self–representation. Such an understanding requires the defendant to be aware "of the nature and classification of the charge, the maximum penalty upon conviction and that technical rules exist which will bind defendant in the presentation of his case." *Acrey,* at 211. In the absence of such a colloquy with the trial court, the *Acrey* court held that the record must demonstrate that the accused understood the seriousness of the charges and knew the maximum penalty involved. There is no such showing in the instant case.

The holding in *Acrey* has been cited favorably in two recent Court of Appeals cases, *State v. Hahn,* 41 Wn. App. 876, 707 P.2d 699 (1985) and *State v. Christensen,* 40 Wn. App. 290, 698 P.2d 1069 (1985). Both of those cases dealt with the question of whether the defendants knowingly and intelligently waived their right to counsel. In *Christensen,* the defendant was advised by both the prosecutor and the court to obtain counsel and the arraignment was postponed for 1 week. The arraignment was held a month later. The defendant appeared pro se and did not request court–appointed counsel and was advised once again by the court of his right to counsel. Prior to trial Christensen made two motions for a continuance of the trial date, both of which were denied for failure to state sufficient reasons. Christensen was found guilty by the jury on both charges. The *Christensen* court held that the record failed to establish a knowing and intelligent waiver of his right to counsel and reversed the Superior Court. The court relied heavily upon the *Acrey* case and based its decision in large part upon the fact that Christensen was not advised of the technical aspects of conducting a defense. *Christensen,* at 295.

In *State v. Hahn, supra,* the court held that a basis for waiver of counsel must be firmly established by a search and inquiry on the record. Although the *Hahn* decision

essentially stands for the proposition that a high level of competency is necessary to waive the right to counsel, the court noted that the defendant must be warned about the dangers of proceeding pro se and must make a knowing and intelligent waiver of that right. No such warnings were made in the instant case. We are therefore compelled to reverse the conviction and remand for a new trial.

RINGOLD, A.C.J., and COLEMAN, J., concur.